IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

    **Plaintiff,**

    v.                                                       CASE NO. 21-3127-SAC

(FNU) SIMON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is in custody at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court provisionally granted Plaintiff leave to proceed *in forma pauperis*. On July 16, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until August 13, 2021, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges in his Complaint (Doc. 1) that he is being denied due process in his disciplinary proceedings. The Court found in the MOSC that Plaintiff does not allege the loss of good conduct time and acknowledges that his disciplinary proceeding has not been completed through administrative exhaustion. *See* Doc. 1, at 5. Plaintiff has not alleged that his disciplinary conviction affected the duration of his sentence. Plaintiff has not asserted that he was subjected to conditions that imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life.

The Court found in the MOSC that even if Plaintiff's § 1983 claim for damages arising from the denial of due process is not barred by *Heck*, dismissal of it is appropriate for failure to state a claim. Section 1983 is not applicable to "challenges to punishments imposed as a result of

prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007).  The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).  This rule applies not only when the prisoner challenges his conviction but also when he challenges findings of guilt of prison disciplinary infractions.  *Balisok*, 520 U.S. at 648.

The Court's MOSC provided that "[f]ailure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim." (Doc. 5, at 7.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this case should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 16, 2021, in Topeka, Kansas.**

> <u>S/ Sam A. Crow</u>
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**